UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| AARON H., | ) |
| Plaintiff | ) ) ) |
| v. | ) ) 1:17-cv-00431-JAW |
| SOCIAL SECURITY ADMINISTRATION COMMISSIONER, | ) ) ) ) |
| Defendant | ) ) |

## REPORT AND RECOMMENDED DECISION

On Plaintiff's application for disability insurance benefits under Title II, Defendant, the Social Security Administration Commissioner, found that Plaintiff has severe impairments, but retained the functional capacity to perform substantial gainful activity as of his date last insured, March 31, 2016. Defendant, therefore, denied Plaintiff's request for disability benefits. Plaintiff filed this action to obtain judicial review of Defendant's final administrative decision pursuant to 42 U.S.C. § 405(g).

Following a review of the record, and after consideration of the parties' arguments, I recommend the Court vacate the administrative decision and remand the matter for further proceedings.

## The Administrative Findings

The Commissioner's final decision is the August 31, 2017, decision of the Appeals Council, in which decision the Appeals Council reviewed an ALJ's findings together with Department of Veterans' Affairs (VA) opinion evidence the ALJ did not weigh, including supplemental evidence related to treatment Plaintiff received from VA providers.

(Decision of the Appeals Council, ECF No. 9-2.) Following its review, the Appeals Council adopted the ALJ's material findings.

The underlying ALJ decision tracks the familiar five-step sequential evaluation process for analyzing social security disability claims, 20 C.F.R. § 404.1520. The ALJ found that Plaintiff has severe, but non-listing-level impairments consisting of obesity, substance abuse, multilevel degenerative disk disease, anxiety, and chronic adjustment disorder. (ALJ Decision, ECF No. 9-4, Ex. 5A, R. 291 – 92.) According to the ALJ, Plaintiff retains the residual functional capacity (RFC) to perform a subset of the light-exertion work base, such that he is limited to no more than occasional bilateral overhead reaching or unsupported forward extension shoulder height or above, no more than occasional postural change (stoop, kneel, crouch, crawl, balance and climb ramps and stairs), and no exposure to hazards such as unprotected heights, dangerous machinery or climbing ladders, ropes or scaffolds. The ALJ further found that Plaintiff has the mental RFC to perform simple, routine and repetitive tasks that involve no more than incidental independent judgment or discretion, no more than incidental changes in work processes, no contact with the general public, and no more than incidental contact with coworkers. (R. 294.)

As to Plaintiff's degenerative disc disease, the ALJ concluded that Plaintiff's subjective back and shoulder pain symptoms are "out of sync with the diagnostic and physical findings" of record. (R. 294 – 295.) The ALJ specifically noted that Plaintiff's congenital spinal stenosis of the thoracolumbar spine produced only a mild degree of loss of function, reflected in findings that Plaintiff had good strength, normal range of motion,

and negative straight leg raise with no guarding, radiculopathy or ankyloses. (R. 295.)

According to the ALJ, treatment providers have determined only that Plaintiff is precluded from heavy exertion, and that he would have mild limitations for lower exertion levels. (*Id.*, citing Ex. 4F, ECF No. 9-9, R. 589.) The ALJ also found Plaintiff's activities of daily living to be appreciable, in that Plaintiff cares for two toddlers and frequently lifts them from the ground. (*Id.*, citing Ex. 13F, ECF No. 9-10, R. 981.) Plaintiff also reported to a provider that he would like to improve his health so he could use his kayak. (*Id.*, citing Ex. 6F, R. 849.)

Regarding Plaintiff's mental RFC, the ALJ did not credit Plaintiff's assertion that he blacked out while driving, noting a function report in which Plaintiff denied any restrictions related to driving and that he reported going out alone. (Ex. 4E, ECF No. 9-7.) Similarly, while Plaintiff claimed to experience memory loss, during a neuropsychological examination in January 2016, he "did not show any problems with memory, with scores or delayed memory items generally average to above average." (Ex. 5F, ECF No. 9-10, R. 843.) The ALJ surmised that Plaintiff's subjective experience could relate to his cannabis use. (R. 296; Ex. 5F, R. 837.) While Plaintiff experiences anxiety, his symptoms decrease with exercise and he has reported the cessation of symptoms when he leaves a job he does not like. (Ex. 4F, ECF No. 9-9, R. 591 – 595, 668.)

Disability Determination Services reviewed Plaintiff's claim in July 2016 and November 2016 in connection with its initial denial and reconsideration denial, respectively, of Plaintiff's claim. (Exs. 1A, 3A, ECF No. 9-4.) All of the physicians who considered Plaintiff's records found his impairments to be non-severe for vocational

3

purposes, and found his subjective report to be inconsistent with the other evidence of record. (Burkhart, Ph.D., R. 269 – 70; Weinberg, M.D., R. 271 – 72; Haskell, Ph.D, R. 279 – 80; Green, D.O., R. 281 – 82.)

The ALJ noted the existence of VA records, including records that reflect Plaintiff received a disability rating from the VA. (R. 296 – 97.) The ALJ did not specifically weigh the VA records as treating source opinion evidence, but the ALJ did cite to and quote certain entries in the VA records in support of his RFC analysis, as outlined above (discussing entries in Exs. 4F – 6F). The ALJ further observed that while he considered the records, the VA disability rating process is distinct from the SSA disability assessment process, and that the VA rating is not determinative of Plaintiff's claim. (R. 297.)

Plaintiff requested review by the Appeals Council. Pending the Council's ruling, Plaintiff provided additional treatment records, including records that reflect a mental health admission at the Togus VA hospital. (June 4, 2016, Progress Note, ECF No. 9-3, R. 202 – 225.) Plaintiff also provided the Appeals Council with a Mental Medical Source Statement from Mary Tibbetts, M.D. (Representative Correspondence, Ex. 13E; Representative Brief, Ex. 14E, ECF No. 9-7.) In the source statement, which Dr. Tibbetts signed on July 11, 2017, Dr. Tibbetts identified herself as a treatment provider "since 6/4/2017, every 3 – 4 weeks." (ECF No. 9-2, R. 37, 42.) Based on her treatment of Plaintiff and a review of his VA Maine records, Dr. Tibbetts opined that Plaintiff has been severely impaired "since 2/2015, but probably earlier, since vet noted to have chronic adjustment disorder during military service." (R. 42.) Among other findings, Dr. Tibbetts stated that Plaintiff would be unable to meet competitive standards related to maintaining attention in

4

two-hour segments, or completion of a normal workday or workweek without interruptions from psychologically based symptoms. (R. 39.)

Based on the VA opinion evidence the ALJ had not discussed, the new evidence from Dr. Tibbetts, and the fact that the ALJ had assigned little weight to the opinions of the Disability Determination Services physicians, Plaintiff requested a remand for further proceedings. (Ex. 14E, R. 475.) The Appeals Council concluded, after its review of the VA records, that there was no reasonable probability that further consideration of the records by the ALJ would change the outcome. (AC Decision at 2, R. 5.) The Appeals Council thus denied Plaintiff's request for a remand.

**Standard of Review**

A court must affirm the administrative decision provided the decision is based on the correct legal standards and is supported by substantial evidence, even if the record contains evidence capable of supporting an alternative outcome. *Manso-Pizarro v. Sec'y of HHS*, 76 F.3d 15, 16 (1st Cir. 1996) (per curiam); *Rodriguez Pagan v. Sec'y of HHS*, 819 F.2d 1, 3 (1st Cir. 1987). Substantial evidence is evidence that a reasonable mind might accept as adequate to support a finding. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Sec'y of HHS*, 647 F.2d 218, 222 (1st Cir. 1981). "The ALJ's findings of fact are conclusive when supported by substantial evidence, but they are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999).

**DISCUSSION**

Plaintiff argues remand is warranted because in the assessment of Plaintiff's RFC,

the ALJ and the Appeals Council erroneously evaluated (1) the opinion evidence of record and (2) Plaintiff's testimony concerning his symptoms and limitations. (Statement of Errors at 1.)

### A. Opinion Evidence of Plaintiff's Mental RFC

The ALJ found Plaintiff to have a severe mental impairment and determined Plaintiff's mental RFC to consist of only simple, routine and repetitive tasks, with no contact with the general public and no more than incidental contact with coworkers. (R. 294.) In support of his finding, the ALJ relied on the mental health diagnoses of record and Plaintiff's testimony.[1] (R. 297.) In addition, the ALJ discussed entries in the medical record that he believed reflected Plaintiff had a greater level of ability than Plaintiff's subjective report would suggest. (R. 295 – 96.) The ALJ also pointed to the absence from the record of any crisis mental health services, admissions, or episodes of decompensation despite some severe stressors involving housing and family matters. (R. 297.)

The record before the ALJ included VA rating information regarding Plaintiff's mental health, which information the ALJ did not discuss in his decision. In particular, the VA record contains a Disability Benefits Questionnaire for mental disorders, in which a provider stated that Plaintiff would experience "occasional decrease in work efficiency and intermittent periods of inability to peform occupational tasks," though he would "generally

---

[1] The two psychologists who reviewed Plaintiff's medical records on behalf of Disability Determination Services concluded that Plaintiff's anxiety and depressive disorders were non-severe. (R. 270, 279 – 80.) Insofar as the ALJ did not mention either non-examining psychologist in his decision, the ALJ evidently found their opinions were not deserving of substantial evidentiary weight. The Appeals Council also failed to mention the opinions, and based on its adoption of the ALJ's RFC findings, apparently also rejected the psychologists' opinions.

function[] satisfactorily, with normal routine behavior, self-care and conversation." (Ex. 4F:69, R. 590.) Kirsten Milliken-Zumel, Clinical Psychologist, electronically signed the exhibit on July 28, 2015. (R. 598.)

The Appeals Council discussed the VA opinion evidence overlooked by the ALJ. The Council noted the ways the VA opinion evidence was consistent with the ALJ's RFC finding. For example, where Dr. Milliken-Zumel, whose opinion the Council gave "little weight," offered findings of "moderate" limitation related to a particular mental ability needed for unskilled work, the Appeals Council reasoned the ALJ's RFC findings would be sufficient if there was a limitation that corresponded with that general ability. (R. 6.)

The Appeals Council also had new VA treatment records and a more recent expert opinion from Dr. Tibbetts. Dr. Tibbetts assessed Plaintiff's mental RFC during the relevant period, which assessment included the determiation that Plaintiff did not have the attention and concentration needed to persist at full-time work activity.[2] The Appeals Council concluded that although the evidence "relate[s] to the period at issue," it "does not show a reasonable probability that it would change the outcome." (R. 5.) The Appeals Council, therefore, "did not consider and exhibit this evidence." (*Id.*)

The opinion of a treating source receives "more weight" than the opinion of a non-treating source, unless the adjudicator can articulate good reasons why it should not. 20

---

[2] Dr. Tibbetts completed a Mental Medical Source Statement" on July 11, 2017, more than three months after the ALJ issued his decision. (ECF No. 9-2, R. 37 – 42.) According to the form, Dr. Tibbetts began treating Plaintiff in June 2017, but she stated that her opinions as to Plaintiff's functioning were relevant to the insured period because "VA Maine records note issues since 2/2015, but probably earlier, since vet noted to have chronic adjustment disorder during military service." (R. 37, 42.)

7

C.F.R. § 404.1527(c)(2). Here, the Appeals Council concluded that Dr. Tibbetts' source statement, which was based on evidence not presented to and considered by the ALJ, would have made no difference in the outcome. Insofar as the ALJ did not consider the VA rating evidence in the first instance, the Appeals Council's determination that additional VA information and a source statement based on new evidence would not have made a difference is not supportable. The Appeals Council failed to articulate good reasons to adopt the ALJ's finding despite the prior and new VA-related evidence the ALJ did not consider, and reject the opinion of a treating source. Instead, the Appeals Council simply summarily concluded the evidence did not show a reasonable probability that it would change the outcome of the decision. (R. 5.) Under the circumstances, at minimum, the Appeals Council should have explained, with reference to the treating source evidence, the reasons it believed the treating source evidence would not have made a difference in the outcome.[3] *McAllister v. Colvin*, 205 F. Supp. 3d 314, 333 n.4 (E.D.N.Y. 2016) ("Where newly submitted evidence consists of findings made by claimant's treating physician, the treating physician rule applies, and the Appeals Council must give good reasons for the weight accorded to a treating source's medical opinion." (quoting, *James v. Comm'r of*

---

[3] In response to Plaintiff's Statement of Errors, Defendant argues that Dr. Tibbetts' source statement concerning Plaintiff's mental abilities to do unskilled work does not warrant remand because (1) the findings are generally consistent with the ALJ's RFC findings; (2) the ALJ reviewed the majority of the underlying treatment records, including the January 2016 neuropsychological examination (Ex. 5F:23, R. 843) and June 2016 mental status examination (Ex. 6F:1, R. 844), which were not inconsistent with the ALJ's findings; and (3) to the extent Dr. Tibbetts assessed a greater degree of functional limitation, Dr. Tibbetts started treating Plaintiff after the ALJ issued his decision and her opinion is not supported by any narrative that connects her views to any particular findings of record. (Response at 2 – 4.) Even if the factual assertions are accurate, the Appeals Council did not articulate the facts as bases for its determination.

8

*Soc. Sec.*, No. 1:06-cv-6180, 2009 WL 2496485 at *10)); *McIntire v. Astrue*, 809 F. Supp. 2d 13, 20 (D. Conn. 2010) ("denying review [when new evidence is submitted from a treating source that is material and inconsistent with prior evidence] *fails to provide good reasons* for weight afforded (i.e., none) to the new evidence (e.g., inconsistent treating physician opinion)" (emphasis in original).

### B. Opinion Evidence of Plaintiff's Physical RFC

The ALJ identified and discussed the expert opinions of Benjamin Weinberg, M.D., and Archibald Green, D.O. Both doctors addressed Plaintiff's physical impairments on behalf of Disability Determination Services, in their capacity as nonexamining consultants. The exhibits associated with the opinions identify Plaintiff's relevant physical impairments as (1) lower back pain from degenerative disc disease and (2) gastroesophageal reflux disorder. (Ex. 1A, R. 269, 272; Ex. 3A, R. 279, 282.) Dr. Weinberg, in July 2016, and Dr. Green, in November 2016, found the impairments to be non-severe, and therefore, did not offer opinions regarding Plaintiff's physical RFC. (R. 272, 282.)

The ALJ did not identify any opinion evidence in the record from a treatment provider, but did note a VA record, evidently prepared by Richard Possee, PA, in July 2015, which provides that Plaintiff's degenerative disc disease would rule out heavy work, but would only mildly to moderately impair Plaintiff's ability to perform sedentary work. (ALJ Decision, R. 295, citing Ex. 4F:68, R. 589.) The record further reflects that the VA rated Plaintiff 20% disabled based on a service-connected lumbosacral strain. (R. 587.) The ALJ noted that there were no treating source opinions that refuted the finding and that he "therefore limited the claimant to a restricted range of light work with limited postural

9

adaptations due to his back condition." (R. 295.) The ALJ reasoned that the finding was reinforced by evidence of Plaintiff's activities of daily living, including providing care to young children and Plaintiff's report of lifting them on a regular basis. (*Id.*) The ALJ gave "little weight" to Drs. Weinberg and Green, "not[ing] that they did not have the opportunity to personally evaluate the claimant or hear his subjective report of his conditions." (R. 296.) The ALJ acknowledged the existence of VA disability ratings in the record, but explained that while he "d[id] not discount in any way the merit of VA benefits," the VA rating was "not dispositive or binding upon the matter at hand." (R. 297.)

The Appeals Council also reviewed PA Possee's opinion that Plaintiff's degenerative disc disease precluded heavy work, but would not rule out sedentary work. (R. 6.) The Council assigned the opinion little weight and found the ALJ's light-exertion RFC with multiple restrictions fairly addressed the evidence of physical impairment found in Plaintiff's medical records. (*Id.*) The Appeals Council also agreed with the ALJ's decision to give little weight to the opinions of the Disability Determination Services physicians who assessed Plaintiff's physical impairments as non-severe because, according to the Appeals Council, "the majority of the treatment records were received into the record after the State agency review of the case and additional records support finding the claimant had severe impairments." (R. 7.)

As the foreoing summary reveals, the ALJ assessed and discussed the relevant evidence, including the VA disability rating. The ALJ's decision, and the subsequent determination of the Appeals Council, are supportable. Plaintiff's contention regarding the physical RFC finding is unconvincing.

## CONCLUSION

Based on the foregoing analysis, I recommend the Court vacate the administrative decision and remand the matter for further proceedings.[4]

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, and request for oral argument before the district judge, if any is sought, within fourteen (14) days of being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 28th day of August, 2018.

---

[4] Plaintiff also challenged the ALJ's assessment of Plaintiff's statements and testimony. Insofar as the recommended decision calls for remand for reassessment of Plaintiff's mental residual functional capacity prior to Plaintiff's date last insured, March 31, 2016, Plaintiff's statements and testimony should be reassessed by the ALJ in light of any additional evidence that may be presented.